UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:02-CR-205-01-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SAADIQ TUCKER | ) | |

On December 29, 2010, this Court ordered the defendant to be evaluated for competence to stand trial, pursuant to 18 U.S.C. § 4241(d). In this particular case, the defendant was, on August 8, 2002, indicted on charges of armed bank robbery, 18 U.S.C. § 2113(a) and (d); and use or carrying of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A).

Prior to arraignment, the defendant was evaluated pursuant to 18 U.S.C. § 4241 and found competent to proceed. The defendant pled guilty, without a plea agreement, on July 10, 2003. At the time scheduled for sentencing, December 13, 2004, the Court expressed reservations as to the defendant's competency. Another study was ordered, and by letter of May 16, 2005, Bureau of Prisons (BOP) mental health professionals opined that the defendant was not competent to proceed. At some point, the defendant was returned to the custody of the North Carolina Department of Correction.

On April 16, 2010, upon motion of the Government, the Court ordered another evaluation pursuant to § 4241. This evaluation, dated July 8, 2010, again found the defendant incompetent to proceed. After reviewing all of the reports, on December 29, 2010,

the Court ordered additional evaluation under § 4241. By letter of May 27, 2011, forensic psychology staff at the Medical Center for Federal Prisons (MCFP) in Springfield, Missouri opined that the defendant remained incompetent, but requested time for further evaluation. By report dated September 30, 2011, the MCFP staff stated that in their opinion, the defendant remained incompetent, was unlikely to regain competence in the foreseeable future, and was therefore subject to further review under 18 U.S.C. § 4246.

Based upon the above and the entire record of the case, the Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and is accordingly incompetent to stand trial, pursuant to 18 U.S.C. § 4241. The Court further finds that the defendant is not likely to be restored to competency and there is not a substantial probability that he will attain the capacity to permit the proceedings to go forward within an additional reasonable period of time. See, 18 U.S.C. § 4241(d)(2).

Based upon the forensic reports, the court determines that because the defendant's mental health condition has not so improved as to permit proceedings to go forward, he should be subject to the commitment proceedings under 18 U.S.C. § 4246. The commitment

2

petition should be filed in the United States District Court for the Western District of Missouri, where the defendant is presently in custody, as suggested by the forensic report.

This the __11__ day of __September__, 2012

*Terrence Boyle* (signature)
TERRENCE W. BOYLE
United States District Judge

3