UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:02-CR-205-01-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SAADIQ TUCKER | ) | |

On December 29, 2010, this Court ordered the defendant to be evaluated for competence to stand trial, pursuant to 18 U.S.C. § 4241(d). In this particular case, the defendant was, on August 8, 2002, indicted on charges of armed bank robbery, 18 U.S.C. § 2113(a) and (d); and use or carrying of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A).

Prior to arraignment, the defendant was evaluated pursuant to 18 U.S.C. § 4241 and found competent to proceed. The defendant pled guilty, without a plea agreement, on July 10, 2003. At the time scheduled for sentencing, December 13, 2004, the Court expressed reservations as to the defendant's competency. Another study was ordered, and by letter of May 16, 2005, Bureau of Prisons (BOP) mental health professionals opined that the defendant was not competent to proceed. At some point, the defendant was returned to the custody of the North Carolina Department of Correction.

On April 16, 2010, upon motion of the Government, the Court ordered another evaluation pursuant to § 4241. This evaluation, dated July 8, 2010, again found the defendant incompetent to proceed.

After reviewing all of the reports, on December 29, 2010, the Court ordered additional evaluation under § 4241. By letter of May 27, 2011, forensic psychology staff at the Medical Center for Federal Prisons (MCFP) in Springfield, Missouri opined that the defendant remained incompetent, but requested time for further evaluation. By report dated September 30, 2011, the MCFP staff stated that in their opinion, the defendant remained incompetent, was unlikely to regain competence in the foreseeable future, and was therefore subject to further review under 18 U.S.C. § 4246. However, the defendant was never committed due to an unexecuted sentence in the North Carolina Department of Correction. That sentence is now complete, and the defendant in the custody of the United States Marshal for the Eastern District of North Carolina.

Based upon the above and the entire record of the case, the Court finds that the defendant should again be evaluated pursuant to 18 U.S.C. §§ 4241 and 4242, to determine if the defendant should thereby be subject to proceedings under 18 U.S.C. § 4246. It is hereby ORDERED that the defendant be committed to the custody of the Bureau of Prisons for designation to a facility for further examination consistent with this order.

This the 12 day of August, 2015

*Terrence Boyle*

2

TERRENCE W. BOYLE
United States District Judge